NOT FOR PUBLICATION                                                                            (Doc. No. 17)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                              :
ANGIE M. VEGA                                 :
                                              :
            Plaintiff,                        :     Civil No. 12-7537 (RBK/KMW)
                                              :
      v.                                      :     **OPINION**
                                              :
CITY OF BRIDGETON                             :
                                              :
            Defendant.                        :
_____:

**KUGLER**, United States District Judge:

      This matter comes before the Court on the motion of Plaintiff Angie Vega ("Plaintiff") for an order to seek leave of court to file an amended complaint.  (Doc. No. 17.)  For the reasons stated below, Plaintiff's motion is **DENIED**.

    **I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

      Plaintiff's suit arises out of an alleged physical assault on October 26, 2011.  After the alleged assault, Plaintiff called 911 and was subsequently transported to the Bridgeton Hospital/Health Center where she was treated for "facial contusion, scalp contusion, neck pain and back pain."  (Doc. No. 1 ("Compl.").)  Once at the hospital, Plaintiff called the Bridgeton Police Department (the "BPD"), but was informed that they would not be coming to the hospital.  (Id.)  Based on the police's alleged failure to meet Plaintiff at the hospital, Plaintiff filed suit against the BPD on October 19, 2012, in the Superior Court of New Jersey, Cumberland County, asserting violations of her Thirteenth and Fourteenth Amendment rights.  (Id.)

In her Complaint, Plaintiff alleged that the BPD "neglected to ensure the rights, liberty, safety, health, fair treatment, the general welfare, and order of equality of Plaintiff." (Id.) She further alleged that she "felt like she was being treated like a slave by Defendant [sic] uncaring attitude." (Id.) And she concluded that due to the BPD's conduct, she "suffers emotional distress and mental anguish for fear [sic] Plaintiff's present and future life and safety are at risk." (Id.) On December 10, 2012, the City of Bridgeton filed a notice of removal pursuant to 28 U.S.C. § 1441(a) and § 1446(a) as Plaintiff's Complaint presented a federal question under 28 U.S.C. § 1331.

On December 31, 2012, the City of Bridgeton filed a motion to dismiss Plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). On May 23, 2013, the Court granted the City of Bridgeton's motion, but permitted Plaintiff to file a motion for leave to file an amended complaint in order to identify the proper municipal entity as the defendant in lieu of the "Bridgeton Police Department." (Doc. No. 14.) The Court further instructed Plaintiff that if she asserted a claim under 42 U.S.C. § 1983 against the municipality to which the BPD belongs, she had to allege facts establishing municipal liability in a manner consistent with the Supreme Court of the United States' decision in Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690 (1978) (stating that municipalities cannot be held liable under section 1983 "unless the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers"), and subsequent cases developing the doctrine of section 1983 municipal liability, e.g., Kneipp v. Tedder, 95 F.3d 1199 (3d Cir. 1996). (Doc. No. 14.)

On June 18, 2013, Plaintiff filed a motion for an order to seek leave of court to file an amended complaint attaching her proposed Amended Complaint to her motion papers. (Doc. No. 17.) The proposed Amended Complaint is virtually identical to Plaintiff's original Complaint save for naming the City of Bridgeton as defendant and adding two paragraphs of additional allegations. (Id.)

In her proposed Amended Complaint, Plaintiff now alleges that Defendant violated the Thirteenth Amendment's prohibition against involuntary servitude by failing to show up at the Bridgeton Hospital when she called, forcing her to go to the BPD to report her alleged assault. (Id.) Plaintiff alleges that this conduct constituted "psychological coercion." (Id.) Plaintiff also alleges that the BPD "did not go to seek the persons whom assaulted her until [she arrived at the BPD]," and that the BPD violated her Thirteenth and Fourteenth Amendment rights. (Id.) Plaintiff concludes that Defendant's failure to respond to fourteen (14) interrogatories that she submitted in July 2012, "violates Rule 4:17 Interrogatories to Parties" by "not allowing [her] a fair trial," and also violates her civil rights under the Fourteenth Amendment. (Id.)

Although Plaintiff does not cite any statutes, the Court believes that Plaintiff is attempting to bring claims under 42 U.S.C. § 1983 for violations of the Thirteenth and Fourteenth Amendments to the United States Constitution. The Court now turns to the instant motion.

## II.   DISCUSSION & ANALYSIS

### A.  Legal Standard

Under the Federal Rules of Civil Procedure, leave to amend pleadings shall be "freely give[n]" when "justice so requires." Fed. R. Civ. P. 15(a)(2). In Foman v. Davis, 371 U.S. 178

3

(1962), the Supreme Court articulated the liberal policy of allowing amendments underlying Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Id. at 182; see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

In determining if a proposed amendment should be denied based on futility grounds, courts employ the "same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6)." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010) (citations omitted); see also Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) ("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."). Under Rule 12(b)(6), a motion to dismiss may be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Id. at 555; see also Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

**B. Plaintiff's 1983 Claims**

42 U.S.C. § 1983 provides a cause of action for certain violations of an individual's constitutional rights. The statute provides, in relevant part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen

4

> of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

In order to state a claim for relief under section 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States" and "that the alleged deprivation was committed or caused by a person acting under color of state law." Cope v. Kohler, 2013 WL 812130, at *3 (D.N.J. Mar. 4, 2013) (citing West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011)).

Where, as here, a plaintiff files suit against a municipality under section 1983, that municipality is liable only if it had in place a custom or policy that triggered the constitutional violation at issue. See Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 691-92 (1978). Accordingly, in order to demonstrate that Plaintiff's proposed amendment of her Complaint would not be futile, i.e., it would survive a motion to dismiss for failure to state a claim upon which relief could be granted, Plaintiff "must identify [such] a custom or policy, and specify what that custom or policy was." McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009).

Although Plaintiff's proposed Amended Complaint is not a model of clarity, it does cure one deficiency of her Complaint in that it names a proper party as defendant. However, Plaintiff has failed to set forth any factual allegations, even after being instructed by the Court to do so, that would support a claim that Defendant had a custom or policy in place that triggered the alleged violations of her Thirteenth and Fourteenth Amendment rights.[1]

---

[1] Plaintiff has also failed to set forth any allegations that Defendant's failure to respond to her interrogatories provides any basis for a civil rights cause of action. Indeed, although Plaintiff sent interrogatories to Defendant, the

5

To allege a violation of one's Thirteenth Amendment rights, one must allege facts tending to show that she was subjected to "involuntary servitude."[2]  In United States v. Kozminski, the Supreme Court held that:

> The primary purpose of the [Thirteenth] Amendment was to abolish the institution of slavery as it had existed in the United States at the time of the Civil War, but the Amendment was not limited to that purpose; the phrase "involuntary servitude" was intended to extend to "cover those forms of compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results."

487 U.S. 931, 942 (1988) (quoting Butler v. Perry, 240 U.S. 328, 332 (1913)).  Here, Plaintiff alleges that she was subjected to "psychological coercion by forcing Involuntary Servitude" when the BPD failed to meet her at the Bridgeton Hospital.  (Proposed Am. Compl.)  This failure "forc[ed] [Plaintiff] to go to [the police department] to report [her] assault."  (Id.)  The Court understands that Plaintiff believes that her need to travel to the police department qualifies as a form of involuntary servitude.

Even if Plaintiff had alleged that Defendant had a custom or policy in place that triggered the alleged violation of her Thirteenth Amendment rights, the involuntary service that Plaintiff alleges she was forced to endure is not the type of conduct prohibited by the Thirteenth Amendment, and thus fails to support a cause of action thereunder.  See Ahbanawa v. City of Newark, No. 08-1459, 2008 WL 4792676, at *2 (D.N.J. Oct. 30, 2008) (citing United States v. Kozminski, 487 U.S. 931, 941-42 (1988)); see also Davis v. Twp. of Paulsboro, 421 F. Supp. 2d 835, 847 (D.N.J. 2006) (granting summary judgment on Plaintiff's Thirteenth Amendment claims where Fourth Amended Complaint did not allege, and the record did not support a conclusion, that Plaintiff "was forced, through physical force or otherwise, to do any labor").

---

parties had yet to participate in an initial scheduling conference and discovery had not yet commenced due to Defendant's pending dispositive motion.  See L. Civ. R. 16.1(a)(1); (see also Doc No. 12.)

[2] The Thirteenth Amendment provides that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."  U.S. Const. amend. XIII.

As to Plaintiff's allegations that Defendant violated her Fourteenth Amendment rights, Plaintiff alleges that she is "an African American female," that she has a "[r]ight to equal protection of the law and fairness," and the Bridgeton Police Department violated Plaintiff's "Civil Rights and Constitutional Rights by Discriminating with prejudicial treatment by refusing to show up at the Bridgeton Hospital when Plaintiff called." (Proposed Am. Compl.) The Court construes Plaintiff's proposed Amended Complaint as alleging a cause of action based on a violation of the Equal Protection Clause of the Fourteenth Amendment. The Court gathers that Plaintiff believes she was denied equal protection of the laws because the BPD did not investigate her alleged assault in a manner in which she thought appropriate.[3]

The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. This is not a command that all persons be treated alike, but rather a direction that all persons similarly situated be treated alike. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). "The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race," Washington v. Davis, 426 U.S. 229, 239 (1976), or any other suspect classification. To make an equal protection claim, a plaintiff must prove that the defendant's actions (1) had a discriminatory effect and (2) were motivated by a discriminatory purpose. Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 264-66 (1977). A showing of discriminatory effect requires a showing that the plaintiff was a member of a protected class, and that she was treated differently from those similarly situated that were not in that protected class. Bradley v. United States, 299 F.3d 197, 205-06 (3d Cir. 2002).

---

[3] If, however, Plaintiff intended to allege a cause of action for deprivation of her due process rights, she must have alleged that (1) she "was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to [her] did not provide due process of law.'" Chambers v. School Dis. of Phila., 587 F.3d 176, 194 (quoting Hill v. Borough of Kutztown, 455 F.3d 225, 234 (3d Cir. 2006)). There are no such allegations in Plaintiff's proposed Amended Complaint.

Here Plaintiff has again failed to allege that Defendant had in place a plan, policy, or custom that violated her constitutional rights. Plaintiff has also failed to allege that Defendant's conduct was the result of any discriminatory intent or that the Bridgeton's Police Department's failure to meet Plaintiff at the hospital had a discriminatory effect. See City of Memphis v. Greene, 451 U.S. 100, 119 (1981) ("[T]he absence of proof of discriminatory intent forecloses any claim that the official action challenged . . . violates the Equal Protection Clause of the Fourteenth Amendment."). Although Plaintiff takes issue with Defendant's conduct in this case, she failed to allege that she was treated differently than other persons in a similar situation. For example, Plaintiff failed to allege that the Bridgeton Police Department regularly responds to calls from persons at the hospital who are not members of a protected class, or that the BPD failed to investigate Plaintiff's alleged assault in the same manner that they would have investigated the alleged assault of an individual who was not a member of a protected class.[4]

Accordingly, because Plaintiff's allegations that Defendant violated her Thirteenth and Fourteenth Amendment rights would not survive a motion to dismiss for failure to state a claim, the Court holds that allowing Plaintiff to amend her Complaint would be futile and thus her motion will be denied.

---

[4] To the extent that Plaintiff is alleging that the Bridgeton Police Department completely failed to investigate her alleged assault, a police investigation report reveals that BPD responded to the scene of Plaintiff's alleged assault in response to her 911 call and conducted an investigation concerning the incident. See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (holding that on a motion to dismiss, a District Court can consider the complaint and attached exhibits and matters of public record); see also Horne v. Crisostomo, 2007 WL 2123701, at *3-4 (D.N.J. Jul. 19, 2007) (holding that a police department investigation report is a public record and can be considered in deciding a motion to dismiss where the report was integral to the plaintiff's claims). The investigation report detailed the officers' conversations with Plaintiff and the other persons allegedly involved in the assault. (Doc. No. 18, Def.'s Opp'n Ex. D.) It also indicated that the officers inspected the scene and watched a video surveillance DVD of the alleged incident. (Id.) Although Plaintiff takes issue with the BPD's failure to meet her at the hospital, it does appear that an investigation was conducted into Plaintiff's alleged assault.

## III.     CONCLUSION

For the reasons stated above, Plaintiff's motion is **DENIED**.  An appropriate order will issue today.


Dated:  2/14/2014                                              /s/ Robert B. Kugler
                                                                            ROBERT B. KUGLER
                                                                            United States District Judge